## DAVIS v. WILLIAMS ET AL.

1. **Estoppel: SURETY.** Where a party had purchased real estate, and executed a bond to make certain improvements thereon, and afterwards his grantor, the obligee in the bond, advised him not to make the improvements, because he never could pay for the property, *held* that the grantor was estopped to maintain an action against the sureties on the bond.

*Appeal from Pottawattamie District Court.*

### FRIDAY, JUNE 14.

THE defendant Williams purchased of the plaintiff certain real estate, and executed a mortgage upon the same to secure the purchase money. And in order to increase the security he bound himself to put upon the premises improvements to the amount of four thousand dollars within a specified time. The other defendants, N. H. Van Arsdale, Lowery Wilson, Stephen King and Samuel McGovern, joined with the defendant Wilson Williams in the execution of a bond to secure the performance of Williams' contract in regard to the improvements. Williams failed to pay all the purchase money, and failed to make the improvements as stipulated. The mortgage was foreclosed and property sold, but there was still left a balance of judgment unsatisfied to the amount of over six thousand dollars.

This action is brought upon the bond given for the performance of Williams' contract in regard to the improvements. The defendants, for answer, aver among other things that before the expiration of the time within which the improvements were to be made, and after a portion of the purchase money had become due, Williams was about to make certain improvements upon the premises of sufficient value to comply with the terms of the bond, and would have done so but that the plaintiff told Williams that he could not pay for the premises, and that he had better at once give up the premises

and make no further efforts in the matter, and permit plaintiff to make his money out of the sureties on the bond; that the plaintiff addressed Williams in an angry and insulting manner, and with the intent to deter him from making the improvements, and that Williams by reason thereof ceased to proceed with the improvements, and moved from the premises large quantities of material which had been moved thereon for the purpose of making the improvements. Upon the trial Williams was examined as a witness, and a question was asked him in these words: "You may state why you did not go on and put the four thousand dollars of improvements on these premises." The plaintiff objected to the question, and the objection was sustained. Judgment for plaintiff. Defendants appeal.

*Bolter & Davis* and *James, Aylesworth & Mynster*, for appellants.

*Clinton, Hart & Brewer*, for appellee.

ADAMS, J.—If the plaintiff advised Williams to discontinue making improvements while he was proceeding to make the same, and Williams discontinued by reason of such advice, we think that the plaintiff should not recover against Williams' sureties. It is true that Williams might not have succeeded in paying for the property, or even in completing the improvements, but if he had proceeded any further, or left the material which he had brought upon the premises, the sureties would have been relieved from their liabilities to that extent. Whether Williams ought to have disregarded the plaintiff's advice or not, it is not for the plaintiff to say that he ought to have disregarded it. He is responsible for the effect which his words were intended to produce, and if the effect was to induce Williams to omit performing his contract, his sureties are as effectually released as if the plaintiff had agreed with Williams that he might omit performing it. Indeed, if the allegations of the answer

1. ESTOPPEL: surety.

are true there was virtually an agreement, certainly an understanding, that the improvements should not be made.  Such an understanding, it appears to us, was in fraud of the sureties' rights.  A creditor is bound to observe toward sureties the strictest good faith.  He cannot be allowed to do anything the natural result of which is to increase their burden.

No one would contend that if the improvements in this case had been made, and the plaintiff had consented to Williams removing them, the sureties would be liable; and if they had signed the notes secured by the mortgage, and plaintiff had consented to the removal of improvements or diminution of the mortgage security in any way, the sureties would have been released to the extent of such diminution. This principle is a familiar one.   The principle involved in the case is not essentially different.  If Williams was induced by the plaintiff to omit to make the improvements, and thereby to forfeit his bond, the plaintiff must be regarded as responsible for its forfeiture, and should be estopped from maintaining an action on it.

